**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BENJAMIN FITZGERALD,**            ) <br> ) <br> **Petitioner,**            ) <br> ) <br> v.            ) <br> ) <br> ) <br> **ANTHONY J. MALFI,**            ) <br> ) <br> **Respondent.**            ) <br> ) <br> _____ ) | **CV F 05-1641 AWI WMW HC** <br><br> **FINDINGS AND RECOMMENDATIONS  RE PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner was convicted by a jury in Madera County Superior Court of four counts of possession of a firearm by a convicted felon, one count of possession of ammunition by a convicted felon, and one count of possession of cocaine base for sale.  The court sentenced him to serve a term of eleven years in state prison.

Petitioner filed a timely direct appeal to the California Court of Appeal, Fifth

Appellate District ("Court of Appeal").   The Court of Appeal affirmed the judgment in its entirety in an unpublished decision entered May 9, 2005.

Petitioner filed a petition for review with the California Supreme Court.  The court denied the petition on August 10, 2005. Petitioner did not file any habeas corpus petitions in state courts.

Petitioner filed the present petition on December 21, 2005.  Respondent admits that Petitioner has exhausted his state judicial remedies as to the five grounds for relief he raises in the present petition.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Madera  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its

provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court's opinion is summary in nature, this court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned

state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Fourth Amendment Claim

In his first ground for relief, Petitioner contends that his conviction was based on evidence obtained through an unconstitutional search and seizure. Respondent disputes this contention.

The Ninth Circuit summarized the analysis of this issue as follows:

> A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 481-82, 96 S.Ct. 3037, 3046-47, 49 L.Ed.2d 1067 (1976). The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933, 104 S.Ct. 338, 78 L.Ed.2d 307 (1983).

In this case, Petitioner presented his claim to the California Supreme Court in his petition for review. Therefore, he was not denied the opportunity to raise his Fourth Amendment claim in state court. Thus, the court must agree with Respondent that this ground for relief is not

4

cognizable on federal habeas corpus.

Sufficiency of the Evidence

In his second ground for relief, Petitioner contends that there was insufficient evidence to support his convictions. Respondent disputes this claim.

The law on insufficiency of the evidence claim is clearly established. The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

In addressing this contention, the Court of Appeal held as follows in its unpublished opinion:

> II. Sufficiency of the Evidence
>
> Fitzgerald contends there was insufficient evidence to support his convictions for possession of firearms and ammunition by a felon, as well as the personal arming allegation attached to count 6. Specifically, Fitzgerald contends there was no evidence he know about the presence of the firearms and ammunition which Officer Serrano seized from the northwest bedroom and no evidence he was personally armed.
>
> *Possession of Firearms and Ammunition by a Convicted Felon*
>
> In order to find that Fitzgerald committed each of the offenses charged in counts 1 through 5, the jury had to find that he was in constructive possession of the four firearms and ammunition seized in the northwest bedroom. Further, in order to find he had constructive possession of those items, the jury had to find that he knew of their presence. (See CALJIC No. 12.01 ["'[c]onstructive possession' does not require actual possession but does require that a person knowingly exercise control over or right to control a thing, either directly or through another person or persons"].) Fitzgerald contends the evidence is insufficient to support his conviction on counts 1 through 5 because it fails to establish that he knew the guns and ammunition were in the house or that he exercised dominion and control over them. We disagree.
>
> "The standard of review is well settled. On appeal, we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence - that is, evidence that is reasonable, credible and of solid form - from which a reasonable trier of fact could find the defendant guilty

5

beyond a reasonable doubt. [Citations.] '"[I]f the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder." '[Citation.]   'The standard of review is the same in cases in which the People rely mainly on circumstantial evidence. [Citation.] "Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt." '[Citation.]" (*People v. Snow* (2003) 30 Cal.4th 43, 66.)

"Mere presence at the scene of the crime standing alone is not sufficient to justify a finding of guilt. [Citation.] [¶] The crime of possession of narcotics [or other contraband] requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. [Citation.] [¶] To show such knowing possession the conduct of the parties, admissions or contradictory statement and explanations are frequently sufficient. [Citations.]" (*People v. Foster* (1953) 115 Cal.App.2d 866, 868.)

Here, there was sufficient evidence to support the jury's finding that Fitzgerald knew about the presence of the firearms and ammunition.  The letter from AAA, the invoice for the pager service, the notice to appear, and the presence of Fitzgerald's wallet in the northwest bedroom all support the conclusion that Fitzgerald lived at the Circle Drive House.  Fitzgerald admitted the drugs and scale found in the same bedroom belonged to him.  Despite the lack of evidence of the exact location of the firearms and ammunition, the jury also reasonably could conclude the officers found those items in the northwest bedroom since Officer Serrano testified that the officers who found the evidence would call him to the area in the house where the items were located, and that is precisely what occurred with respect to the firearms and ammunition.  Given the presence in the northwest bedroom of correspondence to Fitzgerald, his wallet, and his drugs, it was reasonable for the jury to conclude that Fitzgerald was aware of the weapons and ammunition that officers also found in the northwest bedroom, despite his statements to the contrary.  Thus, we conclude that the evidence is sufficient to sustain Fitzgerald's convictions on counts 1 through 5.

*The Personal Arming Allegation*

Fitzgerald further asserts there is insufficient evidence to support the finding that he was personally armed with a firearm.  We discern no merit in this assertion.

As pertinent here, section 12022, subdivision (c) imposes a special sentence enhancement of three, four or five years on anyone "personally armed with a firearm in the commission of a violation . . . of Section   . . .   11351.5 [possession of cocaine based for the purpose of sale] . . .  of the Health and Safety Code . . ." As the California Supreme Court notes in *People v. Bland* (1995) 10 Cal.4th 8991, "when . . . a defendant engaged in felony drug possession, which is a crime or a continuing nature, has a weapon available at any time during the felony to aid in its commission, the defendant is 'armed with a firearm in the commission . . . of a felony' . . ." (*Id*. at p. 999.)  Evidence that a firearm is kept in close proximity to illegal drugs satisfies the facilities nexus requirement: a firearm's presence near a drug cache gives rise to the inference that the person in possession of the drugs kept the weapon close at hand for ready access to aid in the drug offense.  (*Id*. at pp. 1001-1002.)

Here, Fitzgerald had a revolver, three pistols, and numerous rounds of

ammunition in the northwest bedroom of this residence. While the exact location of the weapons and ammunition is unknown, the evidence shows the officers found them in the northwest bedroom. This placed the firearms and ammunition in the same room as the cocaine base, scale and baggies; according to Officer Serrano, the room measured approximately 10 by 12 feet. That means the guns and contraband were in very close proximity, making the guns readily accessible to aid in the commission of the drug offenses. (See, e.g., *People v. Bland, supra*, 10 Cal.4th at p. 1000.) Under these circumstances, the guns in the northwest bedroom properly could be considered readily available for use to aid in the commission of the drug offense. (See, e.g., *People v. Wandick* (1991) 227 Cal.App.3d 918, 921, 928.) In other words, Fitzgerald was personally armed with a firearm during the commission of the drug offense.

*Bailey v. United States* (1995) 516 U.S. 137 does not guide us to a different result. In *Bailey*, the United States Supreme Court addressed the meaning of "use" of a firearm as specified in 18 United States Code section 924(c)(1). (*Bailey, supra*, at pp. 142 - 150.) The opinion thus sheds no light on the meaning of the term "armed." In the absence of guidance to the contrary from the United States Supreme Court, we are duty-bound to interpret the term "personally armed" as has the California Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The court finds that the Court of Appeal clearly followed the <u>Jackson</u> standard in looking at the evidence in the light most favorable to the state court judgment and after considering all reasonable inferences in support of that judgment. This court further finds that under the facts set forth above, a rational trier could clearly have found the essential elements of the crimes beyond a reasonable doubt. Thus, the court finds that Petitioner has failed to carry his burden of demonstrating that the state court's adjudication of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court concludes that this contention presents no basis for habeas corpus relief.

<u>Right to Confront Witnesses</u>

In his third ground for relief, Petitioner contends that he was denied the right to confront witnesses, in violation of his rights to due process and a fair trial. Respondent disputes this contention.

In addressing this contention, the Court of Appeal held as follows:

Fitzgerald also contends the lack of a chain of custody deprived him of his

7

rights to confront witnesses, due process, and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and article I, sections 7, 15 and 17 of the California Constitution. Although not entirely clear, Fitzgerald appears to be arguing that his right to confront witnesses was violated because the officers who found the firearms and ammunition did not testify at trial. This argument is without merit, as Fitzgerald was able to, and did, cross-examine Officer Serrano completely about what Fitzgerald now claims is a deficient "chain of custody," i.e. the lack of evidence of the precise location of the firearms and ammunition. That the prosecution chose not to call the other officers who participated in the search did not deprive Fitzgerald of his confrontation right, as he was free to call those witnesses himself. For these reasons, this claim fails.

Petitioner now offers nothing which demonstrates that the state court's adjudication of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, this contention presents no basis for habeas corpus relief.

Ineffective Assistance of Counsel

Petitioner contends that trial counsel provided ineffective assistance of counsel by failing to renew his motion to suppress. Respondent disputes this contention.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States

8

v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts

9

of the prisoner's case." Williams, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. Price v. Vincent, 538 U.S. 634, 640 (2003).

Here, the Court of Appeal applied the Strikland standard and held in part as follows:

> [E]ven if trial counsel's performance was deficient, Fitzgerald has not shown any resulting prejudice. Even if the court had agreed that the information was stale, the informants were not sufficiently corroborated, and the underlying searches were invalid, Fitzgerald does not argue in his briefs on appeal that the search could not have been upheld under the *Leon* "good faith exception." (*United States v. Leon* (1984) 468 U.S. 897.)
> Under *Leon*, the exclusionary rule should not be applied if an officer conducts a search while acting in "'objectively reasonable reliance on a warrant issued by a detached and neutral magistrate that subsequently is determined to be invalid.' (*People v. Maestas* (1988) 204 Cal.App.3d 1208, 1214.) 'In most cases, the fact that a warrant was issued by a neutral and detached magistrate will suffice to establish that the officer has acted in good faith in conducting the search.' (*People v. Spears* (1991) 228 Cal.App.3d 1, 19.) . . . 'Where the affidavit is sufficient to create disagreement among thoughtful and competent judges, the officer's reliance on the magistrate's determination of probable cause should be deemed objectively reasonable.' (*People v. Spears, supra*, 228 Cal.App.3d at pp. 19 -20.)" (*People v. McDaniels, supra*, 21 Cal.App.4th at p. 1566.)

The Court of Appeal went on to find that under the facts of this case, the search would have been upheld under Leon. The Court of Appeal therefore concluded that there no prejudice resulted from defense counsel's actions and the claim of ineffective assistance of counsel failed. This court finds that the state court's ruling was neither contrary to nor an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, Petitioner's contention presents no basis for habeas corpus relief.

Claim pursuant to Cunningham v. California

In a supplemental brief filed April 23, 2007, Petitioner contends that the trial court erred in imposing the upper terms following his convictions, in light of Cunningham v. California, 127 S.Ct. 856 (2007). Respondent disputes this contention, arguing that the relief Petitioner seeks is foreclosed by Teague v. Lane, 489 U.S. 288, 310 (1989) .

In Teague v. Lane, the Supreme Court held that a new rule of constitutional law

cannot be applied retroactively on federal collateral review to upset a state conviction or sentence unless the new rule forbids criminal punishment of primary, individual conduct or is a "watershed" rule of criminal procedure. Caspari v. Bohlen, 510 U.S. 383, 396, 114 S.Ct. 948 (1994). If the state argues that a petitioner seeks the benefit of a new rule, federal courts must decide whether Teague is implicated before reaching the merits of a petition. Id. at 389, 114 S.Ct. 948.

The relevant preceding cases were succinctly described by the Court in Cunningham, as follows:

> In Apprendi v. New Jersey, this Court held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. See 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. The Court has applied the rule of Apprendi to facts subjecting a defendant to the death penalty, Ring v. Arizona, 536 U.S. 584, 602, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556, facts permitting a sentence in excess of the "standard range" under Washington's Sentencing Reform Act (Reform Act), Blakely v. Washington, 542 U.S. 296, 304-305, 124 S.Ct. 2531, 159 L.Ed.2d 403, and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, United States v. Booker, 543 U.S. 220, 243-244, 125 S.Ct. 738, 160 L.Ed.2d 621. Blakely and Booker bear most closely on the question presented here.

Cunningham, 127 S.Ct. at 857. Cunningham was a challenge to People v. Black, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740 (2005), in which the California Supreme Court found that California's upper term determinate sentencing law procedure was constitutional under Apprendi, Blakely, and Booker.

In the case, the Court of Appeal considered Petitioner's claim in May of 2005, following the Supreme Court's decision in Blakely and prior to the California Supreme Court's decision in People v. Black. The Court of Appeal held that neither Apprendi nor Blakely supported reversal of Petitioner's sentence, because the court had imposed the aggravated sentence within the statutory range for the specific crimes for which the jury convicted him. The California Supreme Court's denial of Petitioner's petition for review was "without prejudice to any relief to which defendant might be entitled upon finality of People

11

v. Black, 35 Cal.4th at 1238 regarding the effect of Blakely v. Washington, 542 U.S. ___ ,at 124, and United States v. Booker, 543 U.S. ___ ,at 125, on California law."

In Cunningham, the Court held that held that California's determinate sentencing law, which authorized the judge, not the jury, to find facts exposing a defendant to an elevated upper term sentence violated the defendant's Sixth and Fourteenth Amendment rights to trial by jury. The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Id. at 859. In support, the Court cited Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531(2004); and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738. In reaching this conclusion, the Court rejected the decision in People v. Black.

The Ninth Circuit has explained the analysis under Teague as involving an initial determination whether the rule is substantive or procedural. It the rule is procedural, then a three-step analysis follows to determine whether Teague bars its application. Hayes v. Brown, 399 F.3d 972, 982 (9th Cir. 2005). For Teague purposes, a new rule is one of "procedure" if it affects the operation of the criminal trial process, and a new rule is one of "substance" if it alters the scope or modifies the applicability of a substantive criminal statute." Bousley  v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604 (1998). The overruling of state sentencing laws is clearly a procedural rule; it affects the operation of the criminal trial process, but does not affect the scope of a substantive criminal statute. Accordingly, the court now turns to the three-step analysis. First, the reviewing court "must ascertain the date on which the defendant's conviction and sentence became final for Teague purposes." Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948 (1994). A conviction is final under Teague "when the availability of direct appeal to the state courts has been

exhausted and the time for filing a petition for writ of habeas corpus has elapsed or a timely filed petition has been finally denied. Id. In this case, the California Supreme Court denied Petitioner's petition for review on August 10, 2005. His conviction became final ninety days later when the time for filing a petition for writ of certiorari expired, on November 8, 2005. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Second, the court must survey "the legal landscape as it then existed," to determine whether existing precedent compelled a finding that the rule at issue "was required by the Constitution." Id. (internal quotation marks and citations omitted). If existing precedent already required application of the rules, the rule is not new and the Teague bar does not apply. As Respondent argues, the Ninth Circuit's treatment of Apprendi, Blakely, and Booker, the earlier seminal cases in this area, shows that Cunningham was not compelled by existing precedent. Although Apprendi, Blakely, and Booker have some similarity in finding a violation of the defendant's right to jury trial in imposing a sentence above the crime's initial range based on facts not found by the jury, each of these cases was found to create a new rule under Teague, and not to apply retroactively. See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.), cert. denied, 537 U.S. 939 (2002); Cook v. United States, 386 F.3d 949 (9th Cir. 2004); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005), cert. denied, 126 S.Ct. 1181 (2006). The court must agree with Respondent that just as the decisions in Apprendi, Blakely, and Booker, arising in different contexts, created new rules, the decision in Cunningham created a new rule: imposition of an upper term within the initial prescribed sentencing range, based on a fact not found by a jury, violates the right to jury trial, even where the trial court has broad discretion that is reviewed for reasonableness. Indeed, the Court's grant of review in Cunningham suggests that its holding was not dictated by precedent. This court concludes, therefore, that Cunningham announced a new rule for Teague purposes.

Having concluded that the procedure at issue is considered a new rule for Teague

13

purposes, this court must proceed to the third step and determine whether either of the two announced exceptions applies. Teague, 489 U.S. at 307. The presumption against retroactivity is overcome only if the new rule prohibits "a certain category of punishment for a class of defendants because of their status or offense," Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934(1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242 (2002), or presents a new "watershed rule[ ] of criminal procedure" that enhances accuracy and alters our understanding of bedrock procedural elements essential to the fairness of a particular conviction. Teague, 489 U.S. at 311, 109 S.Ct. 1060 (citations omitted).   The first exception does not apply because Cunningham does not prohibit an category of punishment.  Because the Ninth Circuit has found that neither Apprendi, Blakely nor Booker, presented new  watershed rules of criminal procedure, the court finds that the same is true as to Cunningham.

In light of the above, the court concludes that Cunningham has no retroactive application, and therefore provides no basis for relief to Petitioner.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that this petition for writ of habeas corpus be DENIED;
2) that Petitioner's motion for summary judgment as to claim five filed February 11, 2008, be DENIED [Doc. 23];
2) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 15, 2008**                              **/s/  William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE

15