IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN FITZGERALD,<br><br>             Petitioner,<br><br>     v.<br><br>ANTHONY J. MALFI,<br><br>             Respondent. | CV F 05-1641 AWI WMW HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 26] |

     Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

     On April 15, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner did not file objections.

     In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C this court has

conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, with one exception.

On June 9, 2008, the Ninth Circuit held that *Cunningham v. California*, 127 S.Ct. 856 (2007) is to be applied retroactively because its result was compelled by prior Supreme Court precedent, especially *Blakely v. Washington*, 542 U.S. 296 (2004). See Butler v. Curry, - - - F.3d - - -, 2008 U.S. App. LEXIS 12324, *2, *32-*33 (9th Cir. 2008). Petitioner's conviction became final on November 8, 2005. The Findings and Recommendation concluded that *Cunningham* was not retroactive. Since *Butler* has found otherwise, the Court cannot adopt this aspect of the Findings and Recommendation. Nevertheless, issuance of a writ of habeas corpus is not required.

The rule announced in *Apprendi*, and followed in *Blakely*, *Booker*, and *Cunningham*, is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see Cunningham v. California, 127 S.Ct. 856, 868 (2007); United States v. Booker, 543 U.S. 220, 244 (2005); Blakely v. Washington, 542 U.S. 296, 301 (2004); see also Butler, 2008 U.S. App. LEXIS at *45-*46. Sentencing errors are subject to a harmless error analysis. See Washington v. Recuenco, 126 S.Ct. 2546, 2552 (2006); Butler, 2008 U.S.App. LEXIS 12324 at *58-*59. Under California law, only one aggravating factor is necessary to set the upper term as the maximum term. Butler, 2008 U.S. App. LEXIS 12324 at *40-*43, *61; People v. Osband, 13 Cal.4th 622, 728 (1996). "Any *Apprendi* error therefore will be harmless if it is not prejudicial as to just one of the aggravating factors at issue." Butler, 2008 U.S. App. LEXIS 12324 at *61. The Ninth Circuit has clarified the relevant question:

> With regard to a Sixth Amendment sentencing violation . . . the relevant question is not what the trial court *would* have done, but what it legally *could*

2

have done. After one aggravating factor was validly found, the trial court legally *could* have imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.

Id. (emphasis in original). Thus, "if at least one of the aggravating factors on which the judge relied in sentencing [Petitioner] was established in a manner consistent with the Sixth Amendment, [Petitioner's] sentence [will] not violate the Constitution." Id. at *43.

Here, as pointed out by Petitioner and Respondent, the trial court relied on three findings when it sentenced Petitioner in the upper range (five years) for violation California Health and Safety Code § 11351.5: (1) a prior conviction; (2) three prior violations of parole; and (3) unsatisfactory adjustment while on parole. See Transcript at p. 3063. During trial, Petitioner waived his right to a jury determination of the prior convictions issue. See Transcript at p. 153. After receiving evidence on the issue, the trial court found that Petitioner had a prior conviction in Merced County. See Transcript at p. 161. That Petitioner did not admit to the prior conviction does not matter. Because Petitioner waived any right to a jury determination of the prior conviction, and because *Apprendi* and its progeny allow a judge to find a prior conviction, the trial court's finding of a prior conviction did not offend the Sixth Amendment/*Cunningham*. Petitioner's five year sentence for violation of Health and Safety Code § 11351.5 does not violate the Sixth Amendment and error, if any, in considering prior parole violations or satisfactory parole adjustment was harmless. See Butler, 2008 U.S. App. LEXIS 12324 at *43, *61.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity

3

of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on April 15, 2008, are a adopted to the extent consistent with the above analysis;

2. The Petition for Writ of Habeas Corpus is denied;

3. Petitioner's motion for summary judgment as to claim five filed February 11, 2008 is DENIED [Doc. 23];

4. A certificate of appealability is denied;

5.  The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   June 12, 2008              /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE